## Bacon American Corporation v. Henise Tire Service, Inc.

*H. Rank Bickel, Jr.*, for plaintiff.
*Thomas A. Ehrgood*, for defendant.

GATES, P. J., March 15, 1967.—Plaintiff filed its complaint in assumpsit seeking to recover from defendant $1,919.25, with interest, for goods, wares, and merchandise sold by it to defendant.

Defendant filed its answer containing a counterclaim in the sum of $1,800, together with interest, for

damages resulting from the defective nature of the goods, wares, and merchandise sold to defendant by plaintiff.

At the hearing before the arbitrators, defendant's counterclaim was withdrawn. Subsequently, the arbitrators found in favor of defendant in the original suit.

Plaintiff took and perfected its appeal to this court. Defendant did not appeal. Plaintiff's appeal was filed on July 14, 1966.

Thereafter, on August 8, 1966, defendant obtained a rule on plaintiff to show cause "why the answer heretofore filed in the above entitled case should not be withdrawn by the defendant and an amended answer filed in lieu thereof". The proposed amended answer is substantially identical to the original answer, with the exception of the counterclaim which it now contains. The counterclaim is for damages of a lesser amount than claimed in the original counterclaim which was withdrawn, but it is still for damages allegedly resulting from the defective nature of the goods, wares, and merchandise sold by plaintiff to defendant. The amount claimed in this counterclaim is $1,102.63.

To defendant's motion for a rule, plaintiff filed an answer framing the following issue which is before us for determination:

"That to permit the defendant to amend its answer, which includes a counterclaim in which it seeks to recover from the plaintiff a judgment in the sum of eleven hundred two and sixty-three one hundredths with interest, is an attempt to confer jurisdiction upon the Court of Common Pleas of Lebanon County, Pennsylvania, when, in point of fact, the jurisdiction of the defendant's claim, under local rule of court 5000, is before a board of arbitrators".

The issue was argued before us, and we have the benefit of written briefs submitted by the parties.

Under a strict and literal interpretation of Leb. Co.

Rule 5000, it would, at first blush, appear that defendant ought not to be permitted to amend his answer and introduce a counterclaim, since it is a claim for less than $2,000 and should first be submitted to a board of arbitrators. However, we do not believe the rule should be strictly construed under these circumstances.

Adjective law is the means by which justice is administered, and it should rarely be resorted to as an end. The rules of practice and procedure should be flexible enough to attain the ultimate object of our jurisprudence. This has been recognized and articulated by the Pennsylvania Supreme Court's adoption of Pennsylvania Rule of Civil Procedure 126, whereby we are required to be liberal in our construction of their rules in order to secure a just, speedy, and inexpensive determination of every action or proceeding, and we are specifically authorized to disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa. R. C. P. 1033 permits a party, by leave of court, to amend his pleadings rather broadly. The only limiting factor to be considered is a substantial change of substantive rights. Under this rule, an amendment may be allowed, even though it gives rise to a new cause of action or defense. Of course, such an amendment would not be permitted if it is barred by the statute of limitations.

Pa. R. C. P. 1031 specifically allows a defendant to set forth in his answer under a heading "counterclaim" any cause of action or setoff he has against plaintiff at the time of filing the answer. This rule is also to be construed liberally to avoid a multiplicity of actions and to permit the disposition of all phases of the controversy in one action: 2A Anderson Pa. Civ. Prac. §1031.2.

The General Assembly in 1952 adopted legislation providing for the compulsory arbitration of cases

where the amount in controversy is $2,000 or less: Act of June 14, 1952, P. L. 2087, sec. 1, as last amended June 24, 1959, P. L. 477, sec. 1, 5 PS §30. In order to take advantage of this enabling legislation, we adopted a local rule of court (Common Pleas Rule 5000) making compulsory the arbitration of controversies where the amount is $2,000 or less, except disputes involving title to real estate.

There are a number of motivating factors behind this salutary legislation. It is primarily designed to meet the situation which prevails in some communities of jury lists being clogged to a point where trials can be held only after long periods of delay. With the modern influx of negligence cases arising from automobile accidents, even our local courts would be choked if every "fender bender" case was presented to a jury for its verdict. The resulting costs of these relatively minor claims to the taxpayers would be staggering.

There are numerous side benefits resulting from this legislation. The removal of the smaller claims from trial lists not only paves the way for the speedier trial of actions involving larger amounts, but also makes it possible for the immediate disposition of the smaller claims themselves, thus satisfying the frequent need for prompt relief in such cases. By the same token, and working to the same end, the use of the compulsory arbitration procedure will free courts for the speedier performance of other pressing judicial functions. In addition, there will be a saving to claimants of both time and money by reason of greater flexibility in fixing the exact day and hour for hearings before the arbitrators, as compared with the more cumbersome and less adaptable arrangements of court calendars.

Having thus determined that rules of procedure and practice should be liberally construed in order to bring about speedy results to controversies, we must now approach the case at bar. This case is one of first impres-

sion, although there are two cases which are somewhat parallel.

In Kobige v. Babcock, 37 D. & C. 2d 50, the court permitted a plaintiff's claim for damages in the amount of less than $2,000 to be submitted for jury trial without first being tried by a board of arbitration, where an answer was filed raising a counterclaim for damages in excess of $2,000.

In Rogers v. Jurosky, 52 Del. Co. 75, President Judge Henry G. Sweney was faced with the following situation: Plaintiffs won an award before a board of arbitrators on a claim of $850.83 on June 12, 1963. Defendant appealed the award, and, on June 27, 1963, filed a suit against the original plaintiff for damages involving less than $2,000 arising out of the same set of facts and involving the same parties. A motion to consolidate the actions for a jury trial was made. The issue before Judge Sweney was whether the suit involving less than $2,000 commenced after the arbitration award had to first be heard by arbitrators or whether it could be consolidated and tried with the suit appealed. Noting that no question was raised that the statute of limitations had expired, and noting further that in suits commenced in the common pleas court, defendant may elect to file a counterclaim or start a separate suit before the statute of limitations expires, he permitted the matters to be consolidated for a jury trial without first being heard by arbitrators.

Admittedly, neither of the foregoing cases is factually in point. However, it is evident that the posture of the record was somewhat similar, and to avoid multiplicity of actions and permit disposition of all phases of the controversy in one action, a strict interpretation of the arbitration rule was not followed. The same result should abide in this case.

Therefore, after due and careful consideration, we will make the following

ORDER

And now, to wit, March 15, 1967, defendant's motion to amend his answer is allowed. An exception noted to plaintiff.